UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES – GENERAL

Case No. SACV 13-0601-DOC-(ANx)            Date: April 17, 2013

Title: PREMIER SYSTEMS USA, D/B/A OLLOCLIP, V. OLLO ELECTRONICS LLC

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Julie Barrera                   N/A
Courtroom Clerk             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                         None Present

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING IN PART PLAINTIFF'S EX PARTE REQUEST**

On April 12, 2013, Premier Systems USA, Inc., doing business as Olloclip ("Plaintiff") brought the instant counterfeiting and trademark infringement action against Defendant Ollo Electronics ("Defendant"). *See* Compl. (Dkt. 1). Before the Court is Plaintiff's ex parte application for a seizure order, a temporary restraining order ("TRO"), and an order to show cause ("OSC") why a preliminary injunction should not issue. *See* Pl's Ex Parte (Dkt. 5).

Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the request for an ex parte TRO, DENIES the request for an ex parte seizure order, and GRANTS the request for an OSC hearing regarding issuing a preliminary injunction.

     **I.**      **Background**

Plaintiff is a California corporation that manufactures and markets a clip-on lens attachment for smartphone cameras. Plaintiff alleges that Defendant is intentionally and willfully selling counterfeit lens attachments that are nearly identical to Plaintiff's Olloclip product in violation of Plaintiff's trademarks, patents, and copyrights.

     **a. Plaintiff's Product**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0601-DOC-(ANx)            Date : April 17, 2013
                                                                                                           Page 2

       The Olloclip Lens, a clip-on device that adds fisheye, wide-angle, and macro capabilities to smartphone cameras, was launched by Plaintiff in 2011 and is manufactured at Plaintiff's Huntington Beach, California, headquarters. Compl. ¶¶ 7-8. Since its launch, Olloclip has become the best-selling smartphone camera lens in the world, with over $10 million in sales and over $1.3 million spent on advertising. *Id.* ¶¶ 9, 22. It has been profiled or reviewed in many national media outlets, including *The Wall Street Journal*, *USA Today*, *The Los Angeles Times*, *Extra TV*, *The Boston Globe*, *Chicago Sun-Times*, *Macworld*, *Wired Magazine*, and *PC World*. *Id.* ¶ 12.

       Plaintiff has sought to protect its brand in a number of ways. The "Olloclip" mark was registered with the United States Patent and Trademark Office on May 1, 2012, as U.S. Trademark Registration No. 4,137,064 ("the '064 Mark"). *Id.* ¶ 11; *Id*. Ex. 1. The teardrop-shaped Olloclip Logo,



in use since July of 2011, has been identified in Plaintiff's U.S. Trademark Application No. 85,800,019. *Id.* ¶¶ 14-15. Plaintiff has also consistently used a distinctive package design that includes the "Olloclip" mark in white and red lettering, the Olloclip Logo, and a circular transparent plastic window through which the product is displayed. *Id.* ¶ 17. The packaging and packaging inserts, which include instructions for use, are covered under Copyright Registration No. VA 1-800-834 ("the '834 Registration"), *id.* ¶ 21, and the lenses and attachments are covered by United States Design Patents No. D678,379 ("the D'379 Patent") and No. 8,279,544 ("the '544 Patent"), *id.* ¶¶ 23-25.

     **b. Defendant's Alleged Infringement**

       Defendant Ollo Electronics, LLC, is a Delaware corporation formed on December 21, 2012. Declaration of Ali. S. Razai ("Rezai Decl.") ¶ 6, Ex. 56. Plaintiff recently discovered that Defendant is selling counterfeit Olloclip lenses, at a significant discount, through Amazon.com. Declaration of Patrick D. O'Neill ("O'Neill Decl.") ¶ 28. The lenses sold by Defendant bear an identical "Olloclip" mark, arrive packaged in nearly identical Olloclip packaging (including the Olloclip Logo), and include nearly identical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0601-DOC-(ANx)            Date : April 17, 2013
                                                                                    Page 3

copies of Olloclip's instruction manual and inner packaging. *Id.* ¶¶ 32-34, Ex. C-D. However, Plaintiff alleges that Defendant's lenses are made from poor quality glass, lack an anti-reflective coating on the optics, do not fit well enough to stay securely attached to a phone, and have fewer lens adjustments. *Id.* ¶ 36. Plaintiff reports that customers who purchased Defendant's lenses thinking that they had purchased Plaintiff's product have posted unsatisfied comments on Amazon.com, *id.* ¶ 37, Ex. 50, and approached Plaintiff's representatives at trade shows with complaints, *id.* ¶ 38.

      Plaintiff has investigated Defendant's identity and whereabouts. Based on the fact that 2022 Vineyard Avenue, Los Angeles, CA 90016, is the return address supplied by Defendant on a lens shipped through Amazon.com, Plaintiff believes that Defendant's inventory is stored at that location. O'Neill Decl. ¶ 30, Ex. 49. Plaintiff sent an investigator to the Vineyard Avenue address, but he was unable to speak to anyone there or get past the "large locked gate" keeping him out. Pl's Ex Parte at 18 n. 1; Declaration of Frank Weber ¶¶ 2-3. Plaintiff's investigator also visited a Venice, California, location that also appeared as a return address on the Amazon.com shipment, where he inquired about re-selling Defendant's Olloclip merchandise, and he was told that Olloclips were available for sale at "another address," which Plaintiff presumes to be 2022 Vineyard Ave. Pl's Ex Parte at 17; Declaration of Blaze Bhence ¶¶ 2-3. The only contact information for Defendant provided on the Delaware Division of Corporations website is for "United States Corporations Agents, Inc." Razai Decl. ¶ 56, Ex. 56.

### c. Plaintiff's Complaint and Ex Parte Application

      On April 12, 2013, Plaintiff simultaneously filed a Complaint and an Ex Parte Application. In its Complaint, Plaintiff alleges eight claims: (1) Trademark Infringement and Counterfeiting in violation of 15 U.S.C. § 1114; (2) False Designation of Origin and Unfair Competition in violation of 15 U.S.C. § 1125(a); (3) Federal Trademark Dilution in violation of 15 U.S.C. § 1125(c); (4) Patent Infringement in violation of 35 U.S.C. § 271; (5) Copyright Infringement in violation of 17 U.S.C. § 501; (6) Trademark Infringement in violation of California common law; (7) Trade Name Infringement in violation of Cal. Bus. & Prof. Code § 14402; and (8) Unfair Competition in violation of Cal. Bus. & Prof. Code § 17200 and California common law. Compl. ¶¶ 38-107.

      In its Ex Parte Application, Plaintiff seeks three remedies from this Court. First, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff requests an ex parte

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0601-DOC-(ANx)            Date : April 17, 2013
                                                                             Page 4

TRO enjoining Defendants from manufacturing, distributing, shipping, advertising, marketing, promoting, selling, or offering to sell any of its lens attachments. Second, pursuant to 15 U.S.C. § 1116(d), Plaintiff requests an ex parte seizure order, directing the United States Marshal or other law enforcement to seize and allow Plaintiff to impound any and all infringing and unauthorized Olloclip products, related items, and the business records relating thereto. Third, Plaintiff requests an OSC why a preliminary injunction should not be issued, along with a hearing on the matter. Plaintiff seeks all of these remedies with no notice to Defendant.

**II.**      **Discussion**

**a. The Ex Parte TRO Request**

     **1) Legal Standard**

The standard for a TRO is the same as the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council Inc.,* 555 U.S. 7, 20 (2008). The court may apply a sliding scale test, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir.2011). A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter,* 555 U.S. at 22.

Such an extraordinary remedy may be issued without notice to the adverse party or its counsel *only if* "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1) (emphasis added). Such stringent restrictions "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0601-DOC-(ANx)            Date : April 17, 2013
                                                                                       Page 5

Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Teamsters,* 415 U.S. 423, 438–439 (1974) (internal citation omitted).

      In the Ninth Circuit, there are "very few" circumstances under which a court may issue a TRO without notice and an opportunity to oppose. *Reno Air Racing Ass'n, Inc. v. McCord,* 452 F.3d 1126, 1131 (9th Cir.2006). In certain cases, the court may not require notice where it "is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." *Id.* More relevant to this proceeding is the second exception: notice is not required where "notice to the defendant would render fruitless the further prosecution of the action" because the adverse party is likely to destroy or hide evidence. *Id.*

      In order to justify an ex parte proceeding on this ground, "the applicant must do more than assert that the adverse party would dispose of evidence if given notice." *Id.* (quoting *First Tech. Safety Sys., Inc. v. Depinet,* 11 F.3d 641, 650 (6th Cir.1993)). The plaintiff must show that the defendant "would have disregarded a direct court order and disposed of the goods within the time it would take for a hearing ... [and] must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history." *Reno*, 452 F.3d at 1131 (quoting *First Tech.*, 11 f.3d at 650–51).

      **2) Analysis**

      Here, Plaintiff has failed to "do more than assert that the adverse party would dispose of evidence," *id.*, and so cannot succeed in its attempt to secure a TRO without notice to Defendant. Plaintiff argues that Defendant would "destroy, move, hide, or otherwise make the infringing products inaccessible to the Court" if notice were provided. Pl's Ex Parte at 17. However, Plaintiff's only support for this contention is that Defendant's "blatant counterfeiting suggests that Defendant would likely destroy, hide, or otherwise make the infringing products inaccessible" if Plaintiff were to notify Defendant. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0601-DOC-(ANx)　　　　　　　　　　　　　Date : April 17, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 6

　　　　Plaintiff does not cite specific facts showing that Defendant would disregard a Court order and dispose of or hide the allegedly infringing goods within the time it would take for a hearing.  *See Reno*, 452 F.3d at 1131.  Similarly, Plaintiff offers no evidence that Defendant has failed to appear in court when required.  *See id.*  Finally, Plaintiff offers insufficient facts suggesting that Defendant has a history of disposing of evidence or that other similar entities have a history of destroying evidence. *See id.*  Plaintiff only makes a generalized contention that, "[b]ecause Defendant is a blatant counterfeiter, it is likely to hide or dispose of counterfeit goods and evidence if given notice of this lawsuit."  Pl's Ex Parte at 16 (citing *Vuitton v. White*, 945 F.2d 569, 571 (3d Cir. 1991) ("Consistent with their calling, professional counterfeiters and dealers in counterfeit goods generally are not upstanding citizens.")).

　　　　The Court finds that *Vuitton* does not, and cannot, stand for the general principle that Ex Parte TROs without notice are justified in every case in which the defendant is accused of counterfeiting products.  *Vuitton*  presented a very different set of facts than the one before this Court.  In *Vuitton,* the Third Circuit held an ex parte TRO would be appropriate where defendant street vendors admitted to knowingly selling counterfeit goods, failed to appear at earlier enforcement hearings despite actual notice, and subsequently violated a permanent injunction. 945 F.2d at 570, 575.  None of those circumstances is present here.  Defendant is not a fly-by-night street vendor, but is rather an incorporated business with a physical address identified by the Plaintiff and a distribution arrangement with Amazon.com.

　　　　As the *Reno* court held, a TRO should not issue solely on the unsupported allegations of the Plaintiff that the seller would flee the area or dispose of the alleged counterfeit goods. *Reno,* 452 F.3d. 1133.  To hold otherwise would make ex parte TROs the norm, rather than the exception. *Id.* at 1132 ("Were a single conclusory statement by counsel about infringers sufficient to meet the dictates of Rule 65, then ex parte orders without notice would be the norm and this practice would essentially gut Rule 65's notice requirements."); *see also Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 2012 WL 5425584 (N.D. Cal. Nov. 6, 2012) (denying ex parte TRO request and seizure request when plaintiff, the manufacturer of "Angry Birds" merchandise, sought to avoid notice on alleged counterfeiter of "Angry Birds" plush toys based on plaintiff's allegations that counterfeiters were likely to destroy evidence); *Wangson Biotechnology Grp., Inc. v. Tan Tan Trading Co., Inc.*, 2008 WL 4239155 (N.D. Cal. Sept. 11, 2008) (denying the same relief to a biotechnology company suing a distributer of counterfeit vitamins).  Here,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0601-DOC-(ANx)            Date : April 17, 2013
                                                                                 Page 7

Plaintiff did not present any authority or persuasive legal analysis demonstrating that Defendant's conduct is sufficient to meet the *Reno Air* standard for issuing a TRO under Rule 65(b)(1).

       Accordingly, Plaintiff's ex parte application for a TRO is DENIED.

**b. The Ex Parte Seizure Order Request**

       **1) Legal Standard**

       Plaintiff also seeks an ex parte seizure order under 15 U.S.C. § 1116(d). In counterfeit trademark cases arising under 15 U.S.C. § 1114(1)(a), a court may issue an ex parte injunction "providing for the seizure of goods and counterfeit marks involved in such violation and the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in such violation." 15 U.S.C. § 1116(d)(1)(A); *Vuitton,* 945 F.2d at 572. "The purpose of the ex parte seizure provision is to provide victims of trademark counterfeiting with a means of ensuring that the courts are able to exercise their jurisdiction effectively in counterfeiting cases." *Vuitton,* 945 F.2d at 575 (*quoting* Joint Statement on Trademark Counterfeiting Legislation, 130 Cong. Rec. H12076, H12080 (1984) ("Joint Statement")). The courts are only to issue such orders where there is no other means by which to prevent those who deal in counterfeits from destroying or transferring evidence. *Id.*

       Under § 1116(d)(4), an ex parte seizure order may not issue unless:

> …(B) the court finds that it clearly appears from specific facts that--
> (i) an order other than an ex parte seizure order is not adequate to achieve the purposes of section 1114 of this title;
> (ii) the applicant has not publicized the requested seizure;
> (iii) the applicant is likely to succeed in showing that the person against whom seizure would be ordered used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services;
> (iv) an immediate and irreparable injury will occur if such seizure is not ordered;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0601-DOC-(ANx)            Date : April 17, 2013
                                                                                                              Page 8

(v) the matter to be seized will be located at the place identified in the application;
(vi) the harm to the applicant of denying the application outweighs the harm to the legitimate interests of the person against whom seizure would be ordered of granting the application; and
(vii) the person against whom seizure would be ordered, or persons acting in concert with such person, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if the applicant were to proceed on notice to such person.

         **2) Analysis**

Because Plaintiff fails to provide specific facts showing that it has met the requirements of 15 U.S.C. § 1116(d)(4)(vii), the Court finds that a seizure order is not warranted. In order to show that "the person against whom seizure would be ordered, or persons acting in concert with such person, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if the applicant were to proceed on notice to such person," *id.*, Plaintiff only offers conclusory statements about the general propensity of counterfeiters to destroy or hide evidence. *See* Pl's Ex Parte at 17. As the Court discussed at length in the previous section of this Order denying an ex parte TRO, such a generalized assertion about the propensity of counterfeiters cannot be enough to justify the issuance of an ex parte injunction without notice to Defendant. *See supra*, Section II(a).

Other courts in this circuit agree that "the mere allegation a defendant is engaged in criminal counterfeiting, and thus has an *incentive* to destroy evidence, without more, is insufficient to support granting an ex parte request for a seizure order." *Rovio*, 2012 WL 5425584, at *10 (citing *Lorillard Tobacco Co. v. Bisan Food Corp.,* 377 F.3d 313, 321-22 (3d Cir.2004)) ("Were the courts to hold otherwise, ex parte seizure orders would become automatic in all counterfeiting litigations."); *see also Wangson*, 2008 WL 4239155, at *5 (same); *Dish Network L.L.C. v. Sonicview USA, Inc.*, 2009 WL 2224596, at *5 (S.D. Cal. July 23, 2009) (denying ex parte request for a seizure order and TRO because plaintiff "offers no specific information regarding Defendants in this case that suggests that they are likely to disregard a court order, or that Defendants have a history of spoliation of evidence," when plaintiff's counsel had argued that spoliation was likely "based on his years of experience with numerous piracy cases, as well as the fact that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0601-DOC-(ANx)                                      Date : April 17, 2013
                                                                                                    Page 9

---

piracy devices are small and highly portable," and also based on "first-hand knowledge of destruction of evidence in similar cases") (internal quotations omitted) (citing *Reno*, 452 F.3d at 1131).

Accordingly, Plaintiff's request for an ex parte seizure order is DENIED.
.
**c.  Request for an OSC Why A Preliminary Injunction Should Not Issue**

Although Plaintiff, for the reasons stated above, is not entitled to an *ex parte* TRO or an *ex parte* seizure order, Plaintiff has submitted declarations and exhibits that persuasively suggest that Defendant is selling counterfeit merchandise in violation of the law.  The Court is eager to set an expedited hearing date on the matter.

**Accordingly, Plaintiff's request for an OSC why a preliminary injunction should not issue is GRANTED.  In addition, the Court hereby issues an evidence preservation order in anticipation of that hearing.**

**III.    Disposition**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's request for an ex parte TRO is DENIED.

2. Plaintiff's request for an ex parte seizure order is DENIED.

3. Plaintiff's request for an OSC why a preliminary injunction should not issue is GRANTED.

4. The Court ORDERS Defendant to take all reasonable steps to preserve any and all records or documents, as defined in Federal Rule of Civil Procedure 34(a)(1)(A), including but not limited to sales and customer journals, notebooks, bank records, receipts, recordings, telephone records, voice mails, e-mails, or correspondence, regardless of storage or retention medium or method, relating to the manufacture, distribution, promotion, sale, offer to sale, purchase, offer to purchase, transfer, shipping, or transportation of all Olloclip-branded or Olloclip-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0601-DOC-(ANx)　　　　　　　　　Date : April 17, 2013
　　　　　　　　　　　　　　　　　　　　　　　　Page 10

　　　　related products in its possession, custody, or control now or that come into its possession, custody, or control hereafter, whether apparently legitimate or counterfeit. This includes all products that bear Plaintiff's trademark as set forth in Plaintiff's Complaint, use Plaintiff's copyrighted materials, infringe on Plaintiff's patent, or products that are substantially similar to Plaintiff's Olloclip products as set forth in the Complaint.  The Court further ORDERS Defendant to take reasonable steps to preserve products that now or hereafter come into its possession, custody, or control, whether apparently legitimate or counterfeit, that bear Plaintiff's "Olloclip" mark or products that are substantially similar to Plaintiff's Olloclip lens.

　　　The Court will construe Plaintiff's ex parte motion for a TRO as a motion for a preliminary injunction. Plaintiff shall immediately hand-serve Defendant with the summons, complaint, and all other documents filed in this case, including this Order. Plaintiff shall effect service on Defendant within two days of the date this Order is filed. Plaintiff shall file proofs of service with the Court by Friday, April 19, 2013. Defendant may file any opposition to the requested preliminary injunction by April 22, 2013. Plaintiff may file a reply by April 26, 2013.

　　　If Plaintiff does not hand-serve the papers as directed, it may instead notice a motion for a preliminary injunction for the next available hearing date. The Court cautions Defendant that the Court will construe the failure to file an opposition as consent to the granting of the motion.

　　　A hearing on Plaintiff's motion for preliminary injunction is scheduled for April 30, 2013, at 8:30am.

　　　The Clerk shall serve a copy of this minute order on counsel for all parties in this action.


MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: jcb