JS-6

Michael K. Friedland
(State Bar No. 157,217)
michael.friedland@knobbe.com
Paul N. Conover
(State Bar No. 192,358)
paul.conover@knobbe.com
Lauren K. Katzenellenbogen
(State Bar No. 223,370)
lauren.katzenellenbogen@knobbe.com
Ali S. Razai
(State Bar No. 246,922)
ali.razai@knobbe.com
KNOBBE, MARTENS, OLSON &
BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
PREMIER SYSTEMS USA, INC.
D/B/A OLLOCLIP

Sarah R. Wolk
(State Bar No. 251,461)
srw@wltlawyers.com
Zachary Levine
(State Bar No. 265,901)
zjl@wltlawyers.com
Mainak D'Attaray
(State Bar No. 283,999)
md@wltlawyers.com
WOLK & LEVINE, LLP
550 N. Brand Blvd., Suite 625
Glendale, CA 91203
Telephone: (818) 241-7499
Facsimile (323) 892-2324

Attorneys for Defendant
OLLO ELECTRONICS LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PREMIER SYSTEMS USA, INC. d/b/a OLLOCLIP, a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> OLLO ELECTRONICS LLC, a Delaware corporation, and NATHAN YU, an individual, <br><br> Defendants. | Civil Action No. SACV 13-0601 DOC (ANx) <br><br> **FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION [44]** |

Plaintiff Premier Systems USA, Inc. d/b/a Olloclip ("Olloclip") and Defendant Ollo Electronics LLC ("Defendant") hereby stipulate and jointly move for entry of final judgment as follows:

WHEREAS, Olloclip and Defendant entered into a Confidential Settlement Agreement ("Settlement Agreement") that disposed of all the claims in this action; and

WHEREAS, pursuant to the Settlement Agreement, Olloclip and Defendant have agreed to the entry of a Final Consent Judgment and Permanent Injunction that will provide as follows:

1.    That this Court has subject matter jurisdiction over this action as well as personal jurisdiction over Olloclip and Defendant.

2.    That venue is proper in this judicial district.

3.    That Olloclip owns U.S. Trademark Registration No. 4,137,064 ("the '064 Registration").

4.    That the '064 Registration is valid and enforceable.

5.    That Olloclip owns a unique, distinctive, and enforceable trade dress in the overall image of its packaging as formed by the following elements: the OLLOCLIP mark in white and red lettering on black packaging and a circular transparent window on the front of the packaging, through which the product is displayed, as shown in Exhibit A ("Olloclip Trade Dress").

6.    That Olloclip owns a unique, distinctive, and enforceable trademark in its logo shown in Exhibit B ("Olloclip Logo").

7.    That Olloclip owns U.S. Patent No. D678,379 ("the D379 Patent").

8.    That the claim of the D379 Patent is valid and enforceable.

9.    That Olloclip owns U.S. Patent No. 8,279,544 ("the '544 Patent").

10.    That the claims of the '544 Patent are valid and enforceable.

/ / /

/ / /

- 1 -

11.    Defendant agrees that Olloclip owns a valid and enforceable copyright in the packaging and package inserts of the Olloclip Lens as registered in Copyright Registration No. VA 1-800-834 ("Olloclip Copyright").

12.    That Olloclip has continuously used the trade name Olloclip ("Olloclip Trade Name") in commerce since July, 2011 to identify its business and to distinguish it from the business of others.

13.    That the Olloclip Trade Name has acquired secondary meaning because it has been used exclusively to identify plaintiff's goods or business so as to indicate Olloclip's goods and/or business as Olloclip's alone.

14.    That Defendant's Accused Products are sold in packaging that is confusingly similar to the Olloclip Trade Dress and bear marks that are substantially indistinguishable from the mark shown in the '064 Registration.

15.    That Defendant has used, sold, offered for sale, imported into the United States, distributed, advertised, and/or promoted the sale of lens attachments for smart phone cameras as shown in Exhibit C ("Accused Products").

16.    That Defendant's sale, offering for sale, distribution, advertising, and/or promotion of the Accused Products constitute counterfeiting and infringement of the '064 Registration under 15 U.S.C. § 1114.

17.    That Defendant's use of marks, trade dress, and trade names that are confusingly similar to the '064 Registration, the Olloclip Logo, the Olloclip Trade Dress, and the Olloclip Trade Name in connection with the sale, offering for sale, distribution, advertising, and/or promotion of the Accused Products constitutes a false designation of origin, a false or misleading description or representation of goods and services, tending wrongfully and falsely to describe or represent a connection between Olloclip's and Defendant's goods and services and constitute false designation of origin, false or misleading description of fact or false or misleading representation of fact, and unfair

competition under 15 U.S.C. § 1125(a) and trademark infringement under California common law.

18.     That the mark shown in the '064 Registration, the Olloclip Trade Name, and Olloclip Trade Dress have each become famous.

19.     That Defendant's unauthorized commercial use of marks, trade dress, and trade names in connection with the sale, offering for sale, distribution, advertising, and/or promotion of the Accused Products dilutes the OLLOCLIP mark, the Olloclip Logo, and the Olloclip Trade Dress in violation of 15 U.S.C. § 1125(c).

20.     That Defendant has infringed the D379 Patent and the '544 Patent through the use, sale, offer for sale, and importation into the United States of the Accused Product.

21.     That Defendant's packaging and package inserts of the Accused Products are copies of Olloclip's packaging and package inserts and infringe the Olloclip Copyright in violation of 17 U.S.C. § 501(a).

22.     That Defendant has infringed the Olloclip Trade Name by using the trade name Ollo Electronics LLC in connection with the sale, offering for sale, distribution, advertising, and/or promotion of the Accused Products in violation of Cal. Bus. & Prof. Code § 14402.

23.     That Defendant's acts of counterfeiting, trademark infringement, trademark dilution, false designation of origin, trade name infringement, and copyright infringement described herein constitute unfair competition with Olloclip under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200, *et seq.*

24.     That Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting to act in concert or participation with them be

/ / /

permanently enjoined and restrained from engaging in, and assisting or inducing, directly or indirectly, others to engage in the following activities:

A. Counterfeiting or using a mark substantially indistinguishable from the mark shown in the '064 Registration;

B. infringing the '064 Registration, the Olloclip Logo, the Olloclip Trade Dress, or the Olloclip Trade Name;

C. using the '064 Registration, the Olloclip Logo, the Olloclip Trade Dress, the Olloclip Trade Name or any other mark, trade dress, or trade name that is confusingly similar thereto, in advertising or promoting Defendant's products or services and/or in any manner that is likely to create the impression that Defendant's products or services originate from Olloclip, are endorsed by Olloclip, or are connected in any way with Olloclip;

D. falsely designating the origin of Defendant's goods to appear connected with Olloclip;

E. unfairly competing with Olloclip through counterfeiting, trademark infringement, trademark dilution, false designation of origin, trade name infringement, and/or copyright infringement;

F. falsely advertising Defendant's products to appear connected with Olloclip;

G. manufacturing, using, displaying, distributing, or selling any products or services that use marks, trade dress, trade names or logos that are confusingly similar to the '064 Registration, the Olloclip Logo, the Olloclip Trade Dress, the Olloclip

Trade name or any other mark, trade dress, or trade name that is confusingly similar thereto;

H.   Manufacturing, intentionally distributing, intentionally shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any products that bear the Olloclip Copyright or any design substantially similar thereto;

I.   Injuring the commercial reputation, renown, or goodwill of Olloclip, the mark shown in the '064 Registration, the Olloclip Logo, or the Olloclip Trade Dress by using in any way a confusingly similar mark or design to the mark shown in the '064 Registration, the Olloclip Logo, or the Olloclip Trade Dress; and,

J.   Using or reproducing any word, term, name, symbol, design, or device, or combination thereof, which confers or falsely represents or misleads that the activities of Defendant are in some way connected with Olloclip, or are sponsored, approved, or licensed by Olloclip.

25.   That Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting to act in concert or participation with them be enjoined and restrained from engaging in, and assisting or inducing, directly or indirectly, others to engage in diluting the '064 Registration, the Olloclip Logo, or the Olloclip Trade Dress;

26.   That, pursuant to the Patent Act, 35 U.S.C. § 283, Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting to act in concert or participation with them, are permanently enjoined and

restrained from making, using, selling, offering to sell, or importing into the United States, the Accused Product or any other goods that are infringements of the D379 Patent during the life of the D379 Patent.

27.     That, pursuant to the Patent Act, 35 U.S.C. § 283, Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, selling, offering to sell, or importing into the United States, the Accused Product or any other goods that are infringements of the '544 Patent during the life of the '544 Patent.

28.     That Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting to act in concert or participation with them be enjoined and restrained from engaging in, and assisting or inducing, directly or indirectly, others to infringe Olloclip's common law rights in the OLLOCLIP mark, the Olloclip Logo, the Olloclip Trade Dress, or the Olloclip Trade Name.

29.     That Defendant, together with its officers, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all other persons acting or attempting to act in concert or participation with them be enjoined and restrained from engaging in, and assisting or inducing, directly or indirectly, others to use the name Ollo Electronics LLC or any other word, name, symbol or device or any combination thereof which is likely to cause confusion with the Olloclip Trade Name.

30.     That Final Judgment be entered in favor of Olloclip against Defendant on all causes of action.

31.     That no other or further relief, monetary or otherwise, be granted to Olloclip or Defendant with respect to each other.

/ / /

32.     That Olloclip and Defendant affirmatively waive any and all rights to appeal the Final Consent Judgment and Permanent Injunction.

33.     That this Court retain jurisdiction over Olloclip and Defendant to monitor and enforce compliance with the Permanent Injunction.

34.     That each party will bear its own costs and attorneys' fees for this action.

35.     That this Court retain jurisdiction to monitor and enforce compliance with the Permanent Injunction.


**IT IS SO STIPULATED AND AGREED:**


                              KNOBBE, MARTENS, OLSON & BEAR, LLP



Dated:  September 23, 2013     By:  /s/ Ali S. Razai
                                   Michael K. Friedland
                                   Lauren K. Katzenellenbogen
                                   Ali S. Razai

                                   Attorneys for Plaintiff
                                   PREMIER   SYSTEMS   USA,   INC.   D/B/A
                                   OLLOCLIP



                              WOLK & LEVINE, LLP



Dated:  September 23, 2013     By:   /s/ Sarah R. Wolk (with permission)
                                   Sarah R. Wolk
                                   Mainak D'Attaray

                                   Attorneys for Defendant
                                   OLLO ELECTRONICS, LLC

1    IT IS SO ORDERED AND DECREED, AND FINAL JUDGMENT IS
2    HEREBY ENTERED.

3

4    Dated: September 18, 2013        _____
                                       Honorable David O. Carter
5
                                       UNITED STATES DISTRICT JUDGE
6

7

8

9    16217433

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28